IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COLE, | ) | CASE NO. 1:13 CV 1239 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| PURITAS METAL PRODUCTS, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

## Introduction

Before me by referral[1] in this matter alleging various claims arising from an asserted wrongful discharge[2] is the motion by *pro se* plaintiff Christopher Cole to remand the matter back to the Ohio court where it was originally filed.[3] Defendants Thomas Cook and Puritas Metal Products have responded in opposition,[4] and Cole has replied to that response.[5]

For the reasons that follow, I will recommend that Cole's motion to remand be granted.

---

[1] ECF # 9.

[2] ECF # 1, Ex. 4.

[3] ECF # 11.

[4] ECF # 11 (Thomas Cook response); ECF # 12 (Puritas Metal Products response).

[5] ECF # 18.

## Facts

For purposes of the present motion only a few facts are relevant. Cole filed a complaint in the Lorain County Court of Common Pleas against Puritas Metal Products and various members of the Cook family in their capacity as shareholders of Puritas alleging that Cole – also a shareholder of Puritas – had been wrongfully terminated from Puritas.[6] In that complaint, as part of the count alleging tortious breach of contract,[7] Cole makes four factual assertions concerning his company-sponsored healthcare:

1.  that Puritas failed to provide Cole with necessary information on his company health insurance within 10 days of the discharge in May, 2012, as required by COBRA (the Consolidated Omnibus Budget Reconciliation Act);[8]

2.  that Puritas failed to pay the deductible for Cole's health insurance as they were purportedly obligated to do by contract, which left Cole unable to pay for health care;[9]

3.  that in 2013 Puritas changed health insurers and then gave Cole only two days to determine whether or not to continue coverage under the new insurers – a shorter period than was afforded to other employees;[10]

---

[6] ECF # 1, Ex. 4.

[7] The complaint has four counts: (1) wrongful termination/breach of contract, (2) conversion, (3) tortious breach of contract, tortious interference with contract, and (4) breach of fiduciary duty.

[8] *Id.* at ¶ 79.

[9] *Id.* at ¶¶ 80, 81, 83.

[10] *Id.* at ¶¶ 84, 86, 87.

4.      that similarly Puritas gave Cole insufficient information as to the new plans – also in contrast to the situation with other employees.[11]

In the notice of removal, defendants Thomas Cook and Puritas grounded the purported federal jurisdiction on Cole "alleg[ing] a federal question [by] alleging violations of COBRA" in count three of the complaint.[12]

Cole, in now seeking a remand, argues that under the well-pleaded complaint rule his single reference to COBRA in paragraph 79 of the complaint "does not (1) create the cause of action, (2) is not an essential element of the cause of action, (3) is not even a potential ingredient of this cause of action, and (4) plaintiff's right to relief does not depend on any resolution of COBRA or any other federal law."[13] Moreover, Cole asserts that his complaint does not arise under any federal law nor does federal law form an ingredient of the original cause of action.[14]

Cook responds by contending that the language of paragraph 79 alone confers federal jurisdiction over the complaint and that merely "label[ing] his claim as 'tortious breach of contract/tortious interference with contract' does not alter this conclusion."[15] Cook further contends that because all of Cole's complaint arises from the same factual predicate – the

---

[11] *Id*. at ¶¶ 85, 86, 87.

[12] ECF # 1 at 2.

[13] ECF # 11 at 7.

[14] *Id*.

[15] ECF # 16 at 5.

allegation that he was wrongfully terminated by Puritas – the exercise of supplemental jurisdiction over the state law claims is proper.[16]

## Analysis

### A.    Standard of review

28 U.S.C. § 1147(c) provides in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

In considering a motion to remand for lack of subject-matter jurisdiction, a district court must be aware as a matter of first principles that "the federal courts are tribunals of limited subject matter jurisdiction, and can adjudicate only those claims that (1) are within the judicial power of the United States, and (2) that have been entrusted to them by a jurisdictional grant by Congress."[17] In that regard, in order to establish federal question jurisdiction under 28 U.S.C. § 1331 as a civil action arising under the Constitution, laws, or treaties of the United States, the federal question must appear on the face of the complaint – the so-called well-pleaded complaint rule.[18] A "well-pleaded" complaint establishes a

---

[16] *Id.* at 6.

[17] *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012) (internal quotations omitted).

[18] *Id.* at 554.

federal question when: (1) a the suit arises under the law that creates the cause of action;[19] or (2) the plaintiff's right to relief, even if stated in terms of state law, requires resolution of a substantial question of federal law.[20]

If a federal question is present as one claim among other state-law claims, the federal court may assert supplemental jurisdiction over the entire matter. 28 U.S.C. § 1367(a) states in relevant part that:

> [I]n any civil action of which the district courts  have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Subject to some limitations in cases founded on diversity of citizenship and so not applicable here,[21] the district court's decision to exercise supplemental jurisdiction in cases where there is a federal question is not mandatory.[22] Rather, the district court is to consider and weigh several factors in determining whether to retain jurisdiction over claims grounded in state law, such as judicial economy, convenience, fairness and comity.[23] That said, however, if there is a basis for the court's original jurisdiction, the default assumption is that

---

[19] *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983).

[20] *Id*. at 13.

[21] *See*, *Exact Software North America v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013).

[22] *Carlsbad Technology v. HIF Bio*, 556 U.S. 635, 639 (2009); *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011).

[23] *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (citations omitted).

the court should exercise supplemental jurisdiction over all related claims.[24] But, if the complaint never provided a basis for original jurisdiction such that removal was improper, there is no basis for the court to exercise supplemental jurisdiction.[25]

Evaluation of a complaint as to whether subject-matter jurisdiction exists and removal to federal court was proper is done by examining the complaint at the time of removal.[26] The removing defendant bears the burden of establishing federal subject-matter jurisdiction.

**B.      Application of standard – the motion to remand should be granted**

Here, the basis for removal hangs on a single reference within a lengthy and detailed complaint that the plaintiff himself disavows as making any claim based on a violation of federal law.

As Cole himself notes, the single reference at issue here is to not receiving notification of his ongoing insurance benefits within 10 days of his termination in May, 2012.[27] However, despite the defendants' arguments to the contrary, that reference does not provide the basis for any of Cole's subsequent and substantive claims that Puritas breached an agreement to

---

[24] *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (citation omitted).

[25] *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996).

[26] *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

[27] The Complaint at ¶ 78 misstates the date when Cole asked Puritas for all notifications on his health insurance as May, 2013. The actual correspondence referred to, which is attached as Exhibit A to the complaint, clarifies that the request - and thus any delay in response – was in May, 2012.

pay Cole's health insurance deductibles or in 2013 otherwise treated him differently from other employees as regards Puritas' change of health insurers.

Whatever Cole's reasons for making the single notation in the complaint that Puritas failed to respond as required by COBRA to an email request for insurance information in 2012, such a failure in May of 2012, even if true and even if in violation of COBRA, neither establishes a federal law basis for Cole's substantive claims regarding health insurance nor interjects a federal law question into those claims which necessarily requires resolution in order to adjudicate the claims. Those claims in Count Three of the complaint are simply that the defendants failed to make insurance deductible payments as contracted for [28] and that the defendants treated Cole differently from other employees and contrary to the terms of his employment contract during Puritas' shift to new insurance providers in 2013.[29]

## Conclusion

Accordingly, I recommend finding that the complaint itself states no claim for relief based on any purported violation of federal law and that none of the state law claims require resolution of any federal question for their adjudication. Further, because there was never any basis for the exercise of the original jurisdiction of this Court, there is no basis for the exercise of any supplemental jurisdiction over the complaint. Thus, I recommend finding that the removal was improper and so the matter should be remanded.

---

[28] ECF # 1, Ex. 4 at ¶¶ 80, 81, 83.

[29] *Id*. at ¶¶ 86, 87, 89.

Dated:   September 26, 2013                s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[30]

---

[30] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).