IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER COLE,** | ) | **CASE NO. 1:13 CV 1239** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge William H. Baughman, Jr.** |
| | ) | |
| **PURITAS METAL PRODUCTS,** *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion to Remand to State Court filed by Plaintiff, Christopher Cole. (Docket #11.) This case was referred to Magistrate Judge William H. Baughman, Jr. for general pretrial supervision. (Docket #9.) Magistrate Judge Baughman issued his Report and Recommendation on September 26, 2013. (Docket #44.) Magistrate Judge Baughman recommends that the Court grant Plaintiff's Motion to Remand.

Objections to the Report and Recommendation were due October 10, 2013. No objections were filed.

On October 7, 2013, Plaintiff filed a Motion for Payment of Just Costs, Expenses and Fees for Improper Removal. (Docket #46.) Defendants filed memoranda in opposition

on October 21, 2013.  (Docket #s 47 and 48.)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made.  The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges.  In regard to subsection (b) of Rule 72, the advisory committee stated:  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Discussion**

Defendants did not filed objections to the Report and Recommendation. Nonetheless, the Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*.

In Count Three of the Complaint, entitled "Tortious Breach of Contract / Tortious Interference With Contract," Plaintiff alleges Defendant Puritas "refused to honor its obligation to pay their portion" of Plaintiff's insurance deductible and treated Plaintiff differently from other employees by failing to provide Plaintiff with sufficient time to evaluate Puritas's new health insurance plan so that he could make a proper determination as to whether to continue under COBRA (the Consolidated Omnibus Budget Reconciliation Act, codified at 29 U.S.C. § 1161 et seq.) with the new insurance provider.  Plaintiff includes a footnote referencing the COBRA and asserts "[a]n employer should provide the necessary health insurance information within 10 days of the employee's discharge.  Puritas failed to do the same."  (Complaint at Paragraphs 29 and 84.)

Defendants filed their Notice of Removal with this Court based upon what appeared to be Plaintiff's allegation that Defendant Puritas violated COBRA by failing to comply with the Statute's notice requirements.  However, in his Motion to Remand and Reply Brief (Docket #s 11 and 18), Plaintiff unequivocally disavows any intention to bring a claim against Defendants under COBRA, stating that he brings only State law claims for breach of contract.  Accordingly, to the extent the Complaint asserts claims for violation of COBRA rights, said claims are DISMISSED.  Given that there is no other basis for Federal jurisdiction, the case must be remanded.

On October 7, 2013, Plaintiff filed a Motion for Payment of Just Costs, Expenses

and Fees for Improper Removal.  (Docket #46.)  Plaintiff asserts that Defendants' Notice of Removal "was an improper forum shopping abuse of the legal system conjured in bad faith to complicate, delay and add unnecessary costs to the Plaintiff's litigation process."

The Magistrate Judge's use of the word "improper" does not automatically entitle Plaintiff to costs and expenses.   As provided in 28 U.S.C. § 1447(c), if the District Court determines that the removal was improper, the action must be remanded, and the Court "**may** require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  (Emphasis added).  An award of costs and attorney fees is discretionary.  In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005), the Supreme Court limited a district court's discretion to award fees, absent unusual circumstances, to those cases where "the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141.  An award of costs, including attorney fees, "is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059-60 (6th Cir. 2008) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005)).

Without the benefit Plaintiff's clarification during briefing that he is not pursuing a claim under COBRA, Defendants' removal of this action was objectively reasonable, given Plaintiff's direct statement in the Complaint that Defendants failed to comply with the requirements of COBRA.  In addition, there is nothing in the record to support Plaintiff's claim that Defendants acted in bad faith in removing this action to Federal court or that any

of Defendants' filings were in violation of any Order of this Court. Accordingly, Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is denied.

## Conclusion

The Court hereby modifies the Report and Recommendation issued by Magistrate Judge Baughman (Docket #44) as follows:

To the extent the Complaint asserts claims for violation of COBRA rights, said claims are DISMISSED.

The Motion to Remand to State Court filed by Plaintiff (Docket #11) is GRANTED.

Plaintiff's Motion for Payment of Just Costs, Expenses and Fees for Improper Removal (Docket #46) is DENIED.

This case is hereby REMANDED. All additional pending motions are hereby terminated.

IT IS SO ORDERED.

                                                    s/Donald C. Nugent
                                                  DONALD C. NUGENT
                                                  United States District Judge

DATED: October 24, 2013